IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ERIC HOLTON,

                    Plaintiff,                    ORDER

     v.                                    11-cv-214-wmc

GARY H. HAMBLIN,

                    Defendant.

---

This is a proposed civil action for monetary relief brought under 42 U.S.C. § 1983. Plaintiff Eric Holton, a prisoner at the Waupun Correctional Institution, contends that the Wisconsin Department of Corrections has violated his First Amendment right of access to the courts by refusing to extend his legal loan, which Holton needs in order to prosecute civil cases in Nevada state court. The case must be dismissed at the outset, however, because Holton has failed to exhaust his administrative remedies.

OPINION

Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The exhaustion requirement is mandatory, *Woodford v. Ngo*, 548 U.S. 81, 85 (2006), and "applies to all inmate suits," *Porter v. Nussle*, 534 U.S. 516, 524 (2002). Notably, prisoners must exhaust administrative remedies *before* filing civil suit and may not complete the grievance process while litigation in federal court is pending. *Ford v.*

*Johnson*, 362 F.3d 395, 398 (7th Cir. 2004).

In his complaint, Holton states that he initiated, but had not yet finished, the administrative grievance process at the time he filed the complaint. Further documentation provided by Holton confirms this fact. It shows that Holton received the final ruling from the Secretary's Office on March 30, 2011, a week after he filed his complaint in this court.

Holton asks the court to ignore the exhaustion requirement because the administrative process is "futile;" he argues that the decision cutting off his legal loan cannot be rectified by the administrative process because the decision followed the official Wisconsin Departments of Correction policy. Whether or not this is the case, this court is not permitted to ignore the Prison Litigation Reform Act's exhaustion requirement -- however much it might make sense to do so -- because there is no "futility" or "technicality" exception to a prisoner's duty to exhaust. *Dixon v. Page*, 291 F.3d 485, 489 (7th Cir. 2002); *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999).

Holton also argues that the exhaustion requirement should not apply because he is in danger of suffering irreparable harm if his access to the courts is denied. The Court of Appeals for the Seventh Circuit has not yet taken up the question whether there is an "irreparable harm exception" to the Act's exhaustion requirement. Even if one exists, however, Holton fails to show that it applies to him. In particular, Holton fails to show that a delay will impede his civil cases. If anything, it seems that he has not had a problem with continuing to file materials in this case. Finally, even if his civil cases are dismissed, Holton does not explain why money damages in an access to the courts case would be inadequate

compensation for the dismissed civil cases. The case will, therefore, be dismissed without prejudice and Holton's pending motions will be denied as moot.

Because it seems that Holton has now fully exhausted the administrative process, he will be given the chance to inform the court whether he would like to reopen his complaint under a new case number. Unfortunately for Holton, if he chooses to raise his claims under a new case number, he still owes a $350 filing fee for the new case in addition to the $350 filing fee for this dismissed case. Although it seems unfair to require Holton to pay not one but two $350 filing fees in order to litigate his claims, the court is not permitted to waive the filing fee. 28 U.S.C. § 1915 ("if a prisoner brings a civil action . . . *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee"). Nor may the court reopen his case under the current case number. 42 U.S.C. § 1997e(a); *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004). ("[I]f the prisoner does exhaust, but files suit early, then dismissal of the premature action may be followed by a new suit that unquestionably post-dates the administrative decision.")

ORDER

IT IS ORDERED that:

(1) This case is DISMISSED without prejudice for plaintiff Eric Holton's failure to exhaust available administrative remedies before filing the lawsuit.

(2) Plaintiff's motions for leave to proceed *in forma pauperis*, dkt. 3, 6, are DENIED as moot.

(3) Plaintiff may have until December 30, 2011 to inform the court whether he wishes to reopen his complaint under a new case number.

Entered this 8th day of December, 2011.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge